**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

H.S.,

|  |  |
|---|---|
| **Plaintiff,** | **Case No. 2:22-cv-3778** |
| v. | **District Judge Algenon L. Marbley** |
| | **Magistrate Judge Kimberly A. Jolson** |

RED ROOF INNS, INC., *et al.*,

Defendants.

## OPINION AND ORDER

Before the Court is Defendant Red Roof Inns, Inc. and Red Roof Franchising, LLC's ("RRI") Motion for Leave to Disclose Plaintiff's True Identity. (Doc. 117). For the following reasons, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed suit in October 2022 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (Doc. 1). Plaintiff alleges that she was trafficked for sex at a hotel owned by the RRI Defendants in Tennessee ("Memphis RRI") from approximately 2013 to 2014. (Doc. 1 at ¶¶ 27, 41.) On March 23, 2026, the RRI Defendants filed their Motion, seeking leave to disclose Plaintiff's true identity to her alleged trafficker, which Plaintiff opposes. (Doc. 117 at 1; Doc. 118). The RRI Defendants filed a reply in support of their Motion. (Doc. 121).

After briefing concluded, this Court, in a related TVPRA case, affirmed Judge Deavers' March 4, 2026 Opinion and Order permitting Defendants to disclose a plaintiff's identity to her alleged trafficker, overruling that plaintiff's objections. *See K.W. v. Red Roof Inns, Inc.*, No. 2:22-CV-3845, 2026 WL 1600737 (S.D. Ohio June 4, 2026). In light of that Opinion, the Undersigned

directed the parties to confer meaningfully on the pending Motion. (Doc. 137). The parties failed to extrajudicially resolve their issues (Doc. 146), and this matter is ready for consideration.

## II. STANDARD

Under Section 3(l) of the parties' Protective Order, they may disclose Plaintiff's True Identity, as defined in the Protective Order, to her trafficker "only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that disclosure of Plaintiff's True Identity information is permitted only if the party requests and obtains a Court order before making any disclosure." (Doc. 123, at 3–4). The motion "shall list only the reasons why Defendants believe it is necessary to reveal Plaintiff's True Identity . . . ." (*Id.* at 4).

## III. DISCUSSION

As noted, the RRI Defendants wish to disclose Plaintiff's identity to her alleged trafficker, R.M., because he is the only identified witness that "can provide critical evidence relating to H.S.'s claims." (Doc. 117 at 4). Specifically, the RRI Defendants contend that R.M.'s relationship with Plaintiff, their stays at the Memphis RRI, and his interactions with employees at the Memphis RRI are relevant to their investigation into

> (1) whether A.M. engaged in commercial sex "by force, fraud, or coercion" of R.M. as defined by section 1591; (2) whether and to what extent R.M. was at the Memphis RRI with H.S., as is necessary to establish a "venture" under section 1591; and (3) whether R.M.'s conduct at the Memphis RRI, including his interactions with employees, supports H.S.'s allegations that the Red Roof Defendants knew or should have known about H.S.'s trafficking and/or participated in a venture with R.M.

(*Id.* at 9). In support, the RRI Defendants assert that they have no evidence but H.S.'s allegations that R.M. trafficked her by force, fraud, or coercion, that he was at the Memphis RRI while he trafficked H.S. there, and he interacted with motel staff. (*Id.* at 9–14).

2

In Plaintiff's response, the majority of which the Court declines to summarize for reasons explained below, she argues that her trafficker is not the only witness who could provide the information the RRI Defendants seek. (Doc. 118 at 3). Plaintiff points to unnamed Memphis RRI employees, two other trafficking victims, C.S. and S.S., her mother, her aunt, and an unnamed man and his grandchildren as sources of information that are "less burdensome" under Federal Rule of Civil Procedure 26(b)(2)(C)(i). (Doc. 118 at 3, 11–12).

The RRI Defendants counter that "R.M. is indeed the only other identified eyewitness to [Plaintiff's] alleged trafficking." (Doc. 121 at 4). They argue that most witnesses are unnamed and there is "no way" to identify them. (*Id.* at 4–5 (citing Doc. 121-1 at 58:25–2)). The RRI Defendants further contend that the named witnesses were not with Plaintiff during her trafficking period or are inaccessible. (*Id.* at 5 (citing Plaintiff's deposition testimony that she called her mother a few times, but her mother never saw her and R.M.) (*see* Doc. 121-1 at 90:10–24); *id.* (citing Plaintiff's testimony that she called her aunt once, but her aunt did not come to the motel) (*see* Doc. 121-1 at 87:9–89:22); *id.* (noting that Plaintiff identified S.S. but did not know if that was her real name and had no contact information); *id.* at 5–6 (asserting that the contact information for C.S. was invalid and other efforts to locate her failed)).

To begin, the Court notes that Plaintiff's arguments are nearly identical to objections her counsel filed in *K.W.* (*See, e.g.*, Case No. 2:22-CV-3845, Doc. 93 at 6–8 (arguing that Rule 26 applies to interpreting stipulated protective orders) and Doc. 118, Plaintiff's Response, at 8–9 (same)). The Court rejected those arguments. *K.W.*, 2026 WL 1600737 at *7–10. Plaintiff acknowledges "[m]uch of her previously filed response is no longer appropriate to argue considering this Court's decision in *K.W.*" and requests the opportunity to file a new response. (Doc. 146 at 1). That request is **DENIED**. The Court will not allow Plaintiff a second bite at the

apple, particularly considering the timing of the briefing in this case and *K.W.* and the parties' opportunity to resolve this issue extrajudicially.  (*See* Doc. 118 (Plaintiff's opposition filed on March 27, 2026) and Case No. 2:22-CV-3845, Doc. 93 (K.W.'s objection to Judge Deavers' Opinion and Order filed on March 25, 2026)).  Instead, the Undersigned adopts the Court's *K.W.* analysis in full and accordingly will not further address Plaintiff's identical arguments.  *K.W.*, 2026 WL 1600737 at *6–11.

This leaves the Court to determine only whether the RRI Defendants have met their burden under Section 3(l) of the Protective Order.  *Id.* at *8–9 ("analysis of a Protective Order turns on its terms").  As the Court in *K.W.* stated,

> [n]othing in Section 3(l) requires that the Court find "necessity" exists before ruling for the movant. Rather, Section 3(l)'s plain text establishes that the movant must only establish that disclosure "will assist the witness in recalling, relating or explaining facts." (*Id.* at 3–4). To do so, the movant must satisfy several procedural requirements, including listing the reasons why the movant "*believes* it is necessary to reveal" the information. (*Id.* at 4) (emphasized verb's plurality altered).[] In their motion, the Defendants clearly articulate why disclosure is necessary, explaining that K.W.'s trafficker was the only identified witness to her alleged trafficking. (ECF Nos. 75 at 1, 12; 79 at 1). Defendants assert that K.W.'s trafficker would be "unable to testify about his relationship with K.W., their stays at the [Red Roof] Inns, his interaction with her at the [Red Roof] Inns, and his interaction with employees at the [Red Roof] Inns when he was staying with K.W." without knowing her identity. (ECF No. 75 at 5). All of this information would be relevant to the Defendants' investigations, ensuring that any testimony from K.W.'s trafficker addressed their relationship and the circumstances of K.W.'s trafficking. (*Id.* at 5–6). But the terms of the Protective Order left it to the Court whether disclosure should be granted after Defendants *argued* necessity.

*Id.* at *8; *see also id.* at *8 n.6 ("Defendants need not show actual necessity here to disclose K.W.'s identity to her trafficker under Section 3(l).").

So too here.  As noted above, the RRI Defendants clearly articulate why they believe disclosure is necessary.  (*See* Doc. 117 at 4 (R.M. is the only identified, potentially accessible witness to whether he trafficked Plaintiff by force, fraud, or coercion and there are no records showing that R.M. stayed at the subject hotel); *id.* at 7 (the RRI Defendants unsuccessfully

4

attempted to contact another woman trafficked with Plaintiff); *see also id.* at 1, 8–9 (disclosure will assist R.M. "to recall, relate, and explain facts central to the elements of H.S.'s claim")).  And Plaintiff's arguments in opposition do not undermine the RRI Defendants' reasons for believing disclosure is necessary.  The witnesses that Plaintiff points to either did not see Plaintiff and R.M. at the subject motel (Doc. 121 at 5 (her aunt did not come to the motel) (citing Doc. 121-1 at 87:9–89:22) and (R.M. moved Plaintiff before her mother could arrive) (citing Doc. 121-1 at 90:10–24)), are unavailable (*id.* at 6 (noting that the contact information provided by Plaintiff for C.S. was outdated and "Defendants have not otherwise been able to locate and interview" her)), or are unidentified (*id.* at 5 (Plaintiff was unable to provide contact information for S.S. or confirm that was her name) (citing Doc. 121-1 at 79:2–18)); *id.* (Plaintiff could not identify any of the motel employees that witnessed her trafficking (citing Doc. 121-1 at 58:25–2 and Doc. 118 at 11)).

Accordingly, the Court concludes the "disclosure of [H.S.]'s identity under these circumstances is permissible by the terms of the Protective Order."  *K.W.*, 2026 WL 1600737 at *9.

IT IS SO ORDERED.

Date: July 8, 2026                           /s/Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE